**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CLEIGHTON GARCIA-MONGE,**

                Petitioner,              No. 07-cv-0807
                                                       (GLS)

        v.

**UNITED STATES OF AMERICA,**

                Respondent.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**
CLEIGHTON GARCIA-MONGE
*Pro Se*
04313-052
M.V.C.C.
555 I Cornell Drive
Philipsburg, Pennsylvania 16866

**FOR THE RESPONDENT:**
HON. GLENN T. SUDDABY        EDWARD P. GROGAN, ESQ.
United States Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

# SUMMARY ORDER

On September 20, 2006, the court sentenced petitioner Cleighton

Garcia-Monge to a term of 41 months imprisonment, based upon his plea of guilty to the sole count of a one-count Indictment charging him with the crime of attempted reentry of a removed alien in violation of 8 U.S.C. § 1326. Garcia-Monge has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 21.) At the court's invitation, the United States has submitted a brief in opposition to the petition. (Dkt. No. 30.)

Among the grounds for relief cited by Garcia-Monge is the ineffective assistance of counsel. Garcia-Monge claims that counsel was ineffective for, among other things, having failed to file a notice of appeal as requested. A petitioner claiming that counsel was constitutionally ineffective for having failed to file an appeal must show both that counsel's representation "fell below an objective standard of reasonableness" and that counsel's deficient performance prejudiced the petitioner. *See Garcia v. United States,* 278 F.3d 134, 137 (2d Cir. 2002) (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 476-77 (2000)). As a matter of law, it is unreasonable for a lawyer to disregard his client's specific instructions to file an appeal. *Garcia,* 278 F.3d at 137. Moreover, prejudice will be presumed in such circumstances, regardless of the merits of the potential

2

appeal.  *Id.*  This remains true even where, as here, the petitioner's plea agreement contains a waiver of appellate rights.  *See Campusano v. United States,* 442 F.3d 770, 772 (2d Cir. 2006).

The United States claims that Garcia-Monge made no attempt to appeal his sentence.  But the affirmation of trial counsel does not go so far as this.  Instead, Garcia-Monge's trial counsel states that he "does not recall the defendant requesting that a notice of appeal be filed on his behalf." (Affirmation of George E. Baird, Jr.; Dkt. No. 30.)  In view of this tepid affirmation, the court credits Garcia-Monge's contrary version of the facts, *i.e.,* that he requested that counsel file an appeal.  Accordingly, Garcia-Monge's sentence will be vacated, and a new criminal judgment entered, so that he is given a fresh opportunity to file a timely notice of appeal.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the September 26, 2006 Judgment in 06-cr-0051 (Dkt. No. 19) is VACATED; and it is further

**ORDERED** that a new criminal judgment be entered in 06-cr-0051 forthwith which contains the identical sentence and other conditions reflected in the September 26, 2006 Judgment; and it is further

3

**ORDERED** that the motion to vacate pursuant to 28 U.S.C. § 2255 is dismissed without prejudice as premature.

**IT IS SO ORDERED.**

Dated: June 26, 2008
Albany, New York

*Gary L. Sharpe*
U.S. District Judge